IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Stackhouse, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Dillon County Sheriff's Department ) <br> and Dillon County, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 4:15-cv-3690-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Christopher Stackhouse's ("Plaintiff" or "Stackhouse") complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment rights during the course of his arrest and subsequent imprisonment. Plaintiff also asserts South Carolina state law claims against Defendants for false imprisonment, malicious prosecution, and gross negligence. On September 12, 2016, Defendants filed a motion for summary judgment. Plaintiff filed a response in opposition on September 29, 2016.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On May 19, 2017, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court grant Defendants' motion for summary judgment. Specifically, the Magistrate Judge determined that Plaintiff's claims against Defendants Dillon County Sheriff's Department and Dillon County fail for several reasons, as outlined in her Report, and the Magistrate Judge also concluded that the Court should decline to exercise supplemental jurisdiction

over Plaintiff's state law claims and dismiss them without prejudice to them being filed in state court. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Defendants are entitled to summary judgment on Plaintiff's federal claims. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those without prejudice to them being filed in state court.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 44) and

incorporates it herein, and the Court grants Defendants' motion for summary judgment (ECF No. 30), thereby ending this action.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks<br>United States District Judge

June 7, 2017
Greenville, South Carolina